ROANE, Judge.
The terms actions and suits, in that clause of the act of 1789, under which the present motion was probably over-ruled by the General Court, are terms generical and comprehensive.
They would in giving, as well as taking away a remedy, comprehend a motion, which is a particular species of action; but, for some supervenient reason, making such a construction inadmissible.
With respect to giving a remedy, a motion would not be considered as comprehended in the term actions, for the followingreasons: 1st. Because, upon the principles of the common law, a man shall not be ousted of his trial by jury by mere implication; but there must be express legislative words, for the purpose. And this construction is more proper still, as that mode of trial is consecrated by our bill of rights, relative to controversies respecting property. For, we ought not, where another reasonable construction can be adopted, to resort to one which makes the Legislature infringe the spirit of the constitution. * 2nd. Because, in other respects a Court of Law would not extend by implication, a mode of recovery, which is summary and inferior to the other actions known to the common law, with respect to the wise provision therein contained, relative to the amplitude and certainty of the pleadings.
These, then, áre the reasons, if not the only reasons, why, in giving a remedy, the term actions does not comprehend a motion; but these reasons are wholly inapplicable, in the case before us, of a prohibition of suits on penal statutes after the expiration of a given time.
But it is said, that the insertion in the clause of the terms indictments and informations operates an exclusion of motions; under that rule of construction, that the insertion of one thing implies the exclusion of another. The former terms were put in, because, being a prosecution of a criminal nature, it might well be doubted, whether they were included under the general acceptation of the term actions? But, with respect to motions, they *413 cannot be implied fo.be excluded under this rule; because, as before stated, I consider them a specific suit, and comprehended, ex vi termini, in the general term actions.
Thus far, I have considered this question, upon the clause of the act of 1789; as that act is supposed to be reserved, relative to the present question, under the proviso of the act of 1792; which (although it has a clause similar to that of 1789,) after repealing all acts coming within its purview, provides, “that nothing in the act contained, shall be construed to repeal any act heretofore made, for so much thereof, as may relate to any offence committed or done, or claim which may have accrued before the commencement of the action.55
But, the penalty now in question was incurred on the first of October; which was anterior to the act of 1789, by the space of two months: And it may well be questioned, whether that act, although it has no saving clause similar to that just quoted, has any operation upon the present case? or rather, whether it does not upon the legal construction thereof, leave it to be decided by the laws which were in force at the time the penalty accrued? This is an important question; but it is not necessary to be now decided. For, if this case is to be governed by the act of 1789, then the clause of limitation contained in it, expressly authorises the judgment of the General Court; and if not, then all such acts or statutes, as do apply to it, are reserved by the proviso. In that view of the present subject, the statute of the 31 Eliz. eh. 5, limiting prosecutions on penal statutes, where they are instituted on behalf of the King and informer to one year, and where for the benefit of the King alone to two years, is supposed to apply; a's no act of our Legislature is at present recollected on this subject. So that, under this limitation also, the present prosecution was barred; and, therefore, qua cunque via, data, the motion in question was rightly over-ruled by the General Court.
FLEMING, Judge.
The act, creating the penalty, passed in 1786; and the forfeiture was incurred in 1789. After which, the act for limiting the commencement of suits and actions upon penal statutes was passed: Which was repealed by the act of 1792; but with an 'express saving of all offences which had been committed or done, or claims which had accrued prior thereto. So, that the act of 1789 is still in force, with regard to cases prior to that *414 of 1792. Now, I am clearly of opinion, that motions are included in the act of 1789; the object of which was, to prevent prosecutions, after a great length of time; .and, therefore, a reasonable .construction should be made upon it. The consequence of all which is, that I think the judgment right, and that it ought to be affirmed.
PENDLETON, President. Concurred.
Judgment affirmed.

[* See Pendleton, Pres, in Watson et al. v. Alexander, 1 Wash. 356.]