ROANE), Judge.
This is a caveat, by the appellee, against a grant under an inclusive survey of the appellant, of December 1V93: The object of it is, to protect the appellee’s title to 187 acres (now found to be 219 acres,) which he claimed by patent of the 11th of June, 1787, founded .on an entry and survey prior to that of the appellant;
On the merits Mr. Randolph seemed to yield the cause, but contended that a ve-nire de novo ought to issue.
It is certain, on those merits, that the judgment of the District Court is right; for, the land A, B, C, D, E, F, G, A, is interlocked under the two titles; and that of the appellee, is prior and complete; whereas, that of the appellant is defective. 1
*But it is said, that the caveat is premature, as not shewn to have issued within six months after the survey. The answer is, that the time of its return into the office is the period, from which the limitation is to be computed. This time is not shewn in the present case. Perhaps the law is directory, to the Register,' in this instance; and if the' appellant mean's to take advantage of such an objection, he ought to have stated facts to support it.
It was also said, that being an inclusive survey, no'caveat lies; because there is no certificate, by the County Court, that the re-survey is reasonable. I think, on the contrary, that if a caveat lies notwithstanding such certificate, it lies a fortiori where the certificate has been omitted.
I think the act authorising inclusive surveys, does not extend to lands held by entry. If so, as no separate survey was made on the appellant’s entry in question, a grant could not issue therefor; But probably, no survey whatever, even independent of the appellee’s title, would have availed; as the entry of the appellant for ISO acres is found to have been made upon a warrant, which has been exhausted.
But it is said, that this is a caveat on the ground of a better right; and that none is shewn, inasmuch as the patent is by the Lieutenant Governor, without stating the absence of the Governor, &c. The ground of this caveat being so, is perhaps an answer to Mr. Wickham’s idea, that we ought to extend the judgment to prevent any grant, (even for land not claimed by the appellee) from issuing. It seems to me, that the judgment in such case should be merely co-extensive with the better right which is set forth as the ground of the caveat. With respect to the objection to the grant, as above mentioned, I presume that the ground of our decision on a similar point, in Harvey and wife v. Borden, *gets over the objection. We shall not readily presume that an officer (and the second Magistrate of the Commonwealth,) has acted in a case where it is illegal for him to do so.
I see no reason for a venire de novo; and think the judgment of the District Court should be affirmed.
FLEMING, Judge. I am of opinion, that there was not the slightest grounds for the appeal; and therefore think, that the judgment ought to be affirmed.
LYONS, Judge. Concurred that the judgment ought to be affirmed.
Judgment affirmed.
On entering the judgment, a question was made bjr the Clerk, whether it was to be affirmed with damages?
Wickham. A caveat is a real action ; and therefore, damages majr be given.
Randolph. Real actions existed before caveats: and, therefore, that term does not apply to them. In practice, they never have been considered as real actions; and, therefore only SOs. is taxed for the lawyer’s fee.
ROANE, Judge.
In the case of The Auditor v. Graham, 1 Call, 475, the Court considered motions included under the terms suits and actions. This construction holds a fortiori as to caveats; which are less summary; in which the ground of complaint is required to be specified; and when facts, not agreed by the parties, are to be settled by a jury. The term real actions certainly comprehends them; and the omission of inserting caveats in the ' same ’''clause, with controversies concerning mills, roads, &c. with which they were usually coupled, could only have arisen from a supposition that they were comprehended under the general term. There is the same reason for extending damages to them, as to those proceedings; and it ought not to be deemed, that they were omitted in'order to be provided for, without reason; and when the words are sufficiently extensive.
FLEMING, Judge. The caveat is a kind of equitable process; and, therefore, damages, which are a penalty, ought not to be given, unless the act of Assembly had directed it.
LYONS, Judge. A caveat appears to me to be like an injunction, and, therefore, to be governed by equitable rules. This idea is confirmed by that part of the act which directs, that the Court shall have power to give costs, or not, according to circumstances: For, the damages are like costs: Both are penalties; and, when exercising an equitable jurisdiction, penalties are never inflicted by the Court, unless they are expressly directed by the law. I think, therefore, that damages are not recoverable in this case.
The judgment was accordingly affirmed with costs, but without damages.